IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REBIO RONNIE TOWNSEND,

       Plaintiff,                    No. 2:12-cv-2288 CKD P

    vs.

SACRAMENTO COUNTY SHERIFF'S DEPT., et al.,

       Defendants.             ORDER

                              /

       Plaintiff is a civil detainee proceeding pro se.[1]  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

\\\\\

---

[1] Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts. See Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992 (2002). Complaints are required to set forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

Plaintiff names as defendants the Sacramento County Sheriff's Department; M. Francis, a deputy sheriff at the Sacramento County Jail; Fitzgerald; M. Meyers; and Scoefield. (Dkt. No. 1 at 3.) As best the court can determine, plaintiff alleges that he was at the Sacramento County Jail for a civil commitment hearing when Francis and another correctional guard threatened not to feed him, and "walked right past my cell knowing I was hungry but couldn't eat" on August 11 and 12, 2012. He similarly alleges that Francis and another officer "refused to feed me breakfast" on August 12, 2012 "due to stomach pains I had." Francis also allegedly refused to provide plaintiff's medication on August 12, 2012. Meyers and Scoefield "witnessed it when he shut and locked my tray slot." Fitzgerald allegedly passed plaintiff's legal mail "off to two strange men" in another cell. (Id. at 3-4.)

Civil detainees "are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Youngberg v. Romeo, 457 U.S. 307, 322 (1982) (citation omitted). "[ C]ivil detainees retain greater liberty protections than individuals detained under criminal process, and pre-adjudication detainees retain greater liberty protections than convicted ones[.]" Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004) (citations omitted). The Fourteenth Amendment requires that civilly

1  committed persons not be subjected to conditions that amount to punishment, Bell v. Wolfish,
2  441 U.S. 520, 536 (1979), within the bounds of professional discretion. Youngberg, 457 U.S. at
3  321-22.  Moreover, "due process requires that the conditions and duration of confinement [for
4  civilly confined SVPs] bear some reasonable relation to the purpose for which persons are
5  committed." Seling v. Young, 531 U.S. at 250, 265 (2001); see also Jones, 393 F.3d at 931.
6  While the nature of an SVP's confinement may factor in this balance of what is reasonable, it is
7  clearly established that the substantive due process protections of the Fourteenth Amendment
8  apply to SVPs. See Andrews v. Neer, 253 F.3d 1052, 1061 (8th Cir. 2001) (applying the
9  Fourteenth Amendment's "objective reasonableness" standard to excessive force claims brought
10 by civilly committed SVPs).  Treatment is presumptively punitive when a civil detainee is
11 confined in conditions identical to, similar to, or more restrictive than his criminal counterparts,
12 and when a pre-adjudication civil detainee is detained under conditions more restrictive than a
13 post-adjudication civil detainee would face. Id. at 932-33.
14         Nonetheless, plaintiff's vague and conclusory allegations fail to state a claim
15 against any defendant.  Nor does the complaint meet the Rule 8 requirement for a "short and
16 plain statement of the claim" that puts defendants fairly on notice of the claims against them.  If
17 plaintiff seeks to allege that he was denied food and/or medication in violation of his right to
18 humane conditions of confinement under the Fourteenth Amendment standard set forth above, he
19 will be granted the opportunity to file an amended complaint.
20         In an amended complaint, plaintiff must demonstrate how the conditions
21 complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v.
22 Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how
23 each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there
24 is some affirmative link or connection between a defendant's actions and the claimed
25 deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
26 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

4

allegations of official participation in civil rights violations are not sufficient.  See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Furthermore, any amended complaint shall not include allegations unrelated to the claims that are the subject of this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Dkt. No. 2) is granted;

2. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.

Dated: September 26, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
town2288.B_civ